IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARK HOSEA,**
    Petitioner,

  v.            CIVIL ACTION NO. 3:05cv107
                 (Judge Broadwater)

**WILLIAM FOX, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On October 6, 2005, the *pro se* petitioner initiated this case by filing a petition for writ of habeas corpus pursuant to 28 U.C. § 2241, and on November 2, 2005, he paid the $5.00 filing fee. This case is before the undersigned for preliminary review and report and recommendation pursuant to LR PL P 83.09.

### I. PETITION

The petitioner raises several grounds for relief in his application. First, he alleges that the respondent is denying him the right to practice his religion by denying him the right to have his religious materials, or to hold private, personal religious services. Second, the petitioner alleges that the respondent has allowed and encouraged discriminatory practices against him by staff due to his religion and specifically notes that he has been denied employment within the prison because of his religious beliefs. Third, the petitioner alleges that the respondent has violated his due process rights by failing to meet with him, or to attempt to accommodate his religious practices within the prison. Finally, the petitioner alleges that the respondent has denied him due process by inhibiting the grievance process within the facility thus creating a procedural bar.

## II. ANALYSIS

The petitioner is not entitled to any relief under §2241 because he is not challenging the legality of his custody and does not seek the immediate or speedier release from imprisonment. Rather, he is challenging the conditions of his confinement or a violation of his civil rights, and these are not claims which can be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the claims raised in his petition, the petitioner must file a lawsuit governed by 42 U.S.C. § 1983 and pay the $350.00 filing fee.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be DENIED without prejudice to the petitioner's right to file a 42 U.S.C. § 1983 action.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and

Recommendation/Opinion to the *pro se* petitioner and to any counsel of record.

DATED: May 25, 2006

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE